PHILO STEVENS & another *vs.* PETER F. EWER & another.

As this court has not prescribed any device or inscription as a test of the authenticity of its seal, any seal affixed by the clerk, as the seal of the court, is to be so considered.

It is immaterial whether a blank writ be signed by the clerk, or his signature be annexed thereto by his order; and when the clerk's name is so annexed to a writ, the legal presumption is, that it was affixed by his order.

Hence a writ, to which the clerk's name is annexed by wafer, will not be dismissed on motion. If the defendant, in such case, would avoid the writ, on the ground that the signature of the clerk was not properly on the writ, he should deny it by a plea in abatement which may be traversed, and thus an issue on the fact be joined and tried.

THIS was a writ of *scire facias*, made returnable to this court, and entered at the November term, 1839. The action was continued to the succeeding April term, when the defendants moved that the writ should be dismissed, because it was not duly signed and sealed by the clerk of this court, before it was served and returned. The judge, who held the court when this motion was made, reported that it appeared, upon inspection of the writ, that the name of the clerk had "been cut from some other paper and annexed to the bottom of this by wafers": That it could be proved by parol evidence, if admissible, "that the name of the clerk, and the seal, were taken from another original writ issued by the clerk, and annexed to this by the attorney who filled the writ: That said attorney, being in want of a writ of *scire facias*, applied to the clerk for a blank, and the clerk, not having one at hand, authorized the attorney to take the name and seal from another writ, and annex them to a blank sheet to be used as a *scire facias*; and that, in pursuance of this authority, the attorney took the name and seal of another original writ, and annexed them to the present one."

It was agreed by the parties that if there was not sufficient

legal ground for dismissing the writ, the defendants should be defaulted, and judgment be entered for the plaintiffs.

*Coffin*, for the defendants.

*Eliot*, for the plaintiffs.

WILDE, J.    To the allowance of this motion two objections have been made.    The first is, that the motion comes too late, and should have been made at the first term.    And secondly, that nothing erroneous or irregular appears on the face of the writ, to sustain the motion ; and the plaintiffs' counsel offered to prove, if parol proof were admissible or necessary, that in fact the writ was, before it was served, duly signed and sealed by the clerk of the court, as the law requires.

In support of the first objection, the plaintiffs' counsel rely on the case of *Ripley* v. *Warren*, 2 Pick. 592, in which it was decided, that " all irregularities in process must be taken advantage of by motion or plea in abatement, in the first stage of the process."    Whether this decision would apply to a case where the writ had not been duly signed by the clerk, is a question which it is not necessary to consider ; because we are of opinion that nothing irregular appears on the face of the writ, to support the motion.

The writ appears to be sealed as all other writs have been, in this county.    The court has not required that the authenticity of its seal should be tested by any device or inscription ; any seal, therefore, affixed by the clerk to the writ, as the seal of the court, is to be so considered.    To decide otherwise would be productive of great mischief and injustice.    So, as to the signature of the clerk, that appears to be genuine ; and it is immaterial whether a blank writ be signed by the clerk, or his signature be annexed thereto by his order.    That the clerk's name was annexed by his order before service is to be presumed, and cannot be contested except by plea denying the fact, which the plaintiffs might traverse, and thus it might be put in issue and tried.

*Motion to dismiss the writ overruled, and defendants defaulted*